UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ALICIA FABILA,

    Defendant.
_____/

Case No. 18-cr-20424

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO OFFER "INEXTRICABLY INTERTWINED" AND "OTHER ACT" EVIDENCE [#46] AND FINDING MOOT GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY [#58]**

## I. INTRODUCTION

On June 19, 2018, a grand jury returned an Indictment against Defendant Alicia Fabila ("Fabila"), charging her with one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 and two counts of health care fraud in violation of 18 U.S.C. § 1347. ECF No. 1, PageID.5, 8. The Indictment alleges that Defendant Fabila and a co-defendant utilized Anointed Care Services LLC ("Anointed"), a home health agency and Medicare provider, to submit fraudulent claims to Medicare for personal and financial benefit. *See id.* On July 9, 2019, Defendant was charged in a Superseding Indictment with one additional count of conspiracy to commit health care fraud and two additional counts of health care fraud

1

related to similar fraudulent conduct at Magnum Home Health Care ("Magnum"). *See* ECF No. 36.

Presently before the Court is the Government's Notice of Intention to Offer "Inextricably Intertwined" and "Other Act" Evidence Regarding Loving Hands Adult & Senior Care Services, Inc. and Spoliation, filed on November 7, 2019. ECF No. 46. The Court will construe this Notice as a Motion for the purposes of this Order. Defendant filed a Response in Opposition to the Government's Notice on December 10, 2019. ECF No. 52. In February 2020, the Government additionally filed a Motion in Limine to Preclude Expert Testimony, to which the Defendant responded in opposition. ECF Nos. 57, 58. A hearing on this matter was held on November 12, 2020. For the reasons discussed below, the Court will **GRANT** the Government's Motion to Offer "Inextricably Intertwined" and "Other Act" Evidence Regarding Loving Hands Adult & Senior Care Services, Inc. and Spoliation [#46]. Additionally, the parties indicated at the hearing that the arguments presented in the Government's Motion in Limine have since been resolved. This Court therefore need not analyze the issues contained therein and finds that the Government's Motion in Limine [#58] is **MOOT**.

## II. DISCUSSION

The Government intends to offer two different categories of evidence. First, the Government seeks to introduce evidence that prior to working at Anointed and

2

Magnum, Defendant Fabila worked at Loving Hands Adult & Senior Care Services, Inc. ("Loving Hands"), where she allegedly engaged in the same fraudulent billing of Medicare. ECF No. 46, PageID.202. Second, the Government intends to introduce evidence that Defendant destroyed incriminatory evidence upon her discovery of the Government's investigation into her purported conduct. *Id.* at PageID.204. The Government seeks to introduce both sets of evidence as admissible because they are "inextricably intertwined" evidence or, in the alternative, admissible under Federal Rule of Evidence 404(b). The Court will address each category of proposed evidence in turn below.

### A. Evidence of Conduct at Loving Hands

The Government first seeks to introduce evidence that Defendant Fabila submitted falsified and fraudulent claims to Medicare when she worked at Loving Hands, another home health care agency, prior to working at Magnum and Anointed. ECF No. 46, PageID.202. The Government argues that evidence of these claims is admissible because it is intrinsic to, or inextricably intertwined with evidence of, the offense charged in the Indictment. *Id.*; *see United States v. Adams*, 722 F.3d 788, 812 (6th Cir. 2013). Alternatively, the Government offers this evidence pursuant to Rule 404(b) as evidence of intent, knowledge, and absence of mistake. FED. R. EV. 404(b)(2). The Court finds both of the Government's arguments persuasive.

Turning to the first argument, *United States v. Barnes*, 49 F.3d 1144 (6th 1995), is instructive. There, the Sixth Circuit observed that "extrinsic" crimes or wrongs are those that have "occurred at different times and under different circumstances from the offense charged." *Id.* at 1149. Intrinsic crimes or wrongs, however, "are those that are part of a single criminal episode." *Id.* Consequently, "Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity. When that circumstance applies, the government has no duty to disclose the other crimes or wrongs evidence." *Id.* In *Barnes*, testimony of an "earlier 'short' drug shipment" fell outside Rule 404(b) as it was inextricably intertwined with the charged offense; defendants were charged with receiving drugs and this receipt was compensation for the earlier short shipment. *Id.*

As in *Barnes*, the evidence offered by the Government here "is part of a continuing pattern of illegal activity." *Id.* The Indictment charges Defendant Fabila with health care fraud and conspiracy to commit health care fraud through the falsification of Medicare claims while she was employed at Anointed. ECF No. 1, PageID.5-6. The evidence proffered by the Government here, that Defendant falsified medical records and submitted medically unnecessary claims to Medicare while employed at Loving Hands, is directly connected to the conduct alleged in the Indictment. The Government correctly notes that this evidence is intrinsic to the

4

conduct alleged in the Indictment because "it is a prelude to the charged offense, probative of the charged offense, and completes the story of the charged offense." ECF No. 4, PageID.202. There is a substantial similarity to the conduct alleged while the Defendant was at Loving Hands and then Magnum and Anointed, demonstrating Defendant's personal and financial involvement in the conspiracy.

Defendant briefly responds to the Government's position by stating that the Second Superseding Indictment did not include Loving Hands as one of the named home care companies. ECF No. 52, PageID.260. This argument, however, is misguided because the Government does not seek to charge Defendant with another crime. Instead, this evidence may be offered to demonstrate that Defendant's conduct at Loving Hands was "part of a continuing pattern of illegal activity" that extended to both Magnum and Anointed. *Barnes*, 49 F.3d at 1149. Accordingly, the Court will allow the Government to offer evidence of other acts related to Defendant Fabila's submission of falsified and fraudulent Medicare claims at Loving Hands, as these acts are intrinsic to the acts charged in the Indictment.

Second, evidence of these other acts is admissible under Rule 404(b), even if these acts are not inextricably intertwined with the acts as alleged in the Indictment. Rule 404 provides that evidence of crimes, wrongs, or other acts is admissible to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EV. 404(b). To determine whether acts are

admissible under Rule 404(b), a court must decide (1) "whether there is sufficient evidence the 'other acts' took place"; (2) "whether those other acts are admissible for a proper purpose"; and (3) "whether the 'other acts' evidence is more prejudicial than probative." *United States v. Corsmeier*, 617 F.3d 417, 420 (6th Cir. 2010).

Here, the Government intends to produce testimony from two witnesses, Tyanna Clemmons and Seema Barnwal, to "establish that Fabila participated in a similar scheme at Loving Hands as at Magnum." ECF No. 46, PageID.203. Both individuals worked at both Loving Hands and Magnum during the same period as Defendant and purportedly witnessed Defendant's unlawful conduct firsthand. The Government is therefore correct that it may introduce this evidence to show Defendant Fabila's intent, knowledge, and absence of mistake as to the conduct charged in the Indictment. This is particularly relevant, as the Government must prove an intent to defraud by Defendant Fabila to prove its case.

Lastly, the probative value of the evidence outweighs any prejudicial effect. Defendant Fabila broadly asserts that this evidence of false and fraudulent claims submitted to Medicare through Loving Hands is unfairly prejudicial. "[A] court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Here, the evidence of other acts is probative for understanding the scope of the alleged conspiracy and Defendant Fabila's purported contributions to that scheme. The Court is not persuaded that any prejudice to Defendant outweighs this probative value. Thus, this evidence is admissible under Rule 404(b). Evidence of other acts regarding Defendant Fabila's allegedly false or fraudulent billing to Medicare while at Loving Hands is admissible as either (1) evidence of acts intrinsic to the charged offense; or (2) evidence properly offered under Rule 404(b).

### B. Evidence of Spoliation Conduct

The Government additionally seeks to introduce evidence that Defendant destroyed incriminatory evidence upon her discovery of the Government's investigation into the home health care conspiracy. ECF No. 46, PageID.204. As before, the Government argues that this evidence is admissible as "inextricably intertwined" evidence or, in the alternative, admissible under Rule 404(b). Defendant fails to address these arguments in her Opposition to the Government's Notice.

Under the first argument, the Court is persuaded that the evidence of spoliation conduct may be admissible as evidence of "part of a single criminal episode." *Barnes*, 49 F.3d at 1149. Specifically, the Indictment alleges that Defendant Fabila would conceal the submission of the false and fraudulent Medicare claims as a part of the larger conspiracy. *See* ECF No. 1, PageID.6, 9. The

7

concealment and destruction of evidence during Defendant's submission of claims to Medicare was a necessary act to effectuate the conduct alleged in the Indictment. It therefore follows that this evidence may be characterized as "inextricably intertwined" with evidence of the crime charged and "completes the story of the charged offense." *United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011) (additional citations omitted). Moreover, Defendant has failed to provide any case law, controlling or otherwise, that supports the contention that this "other act" evidence at issue is extrinsic to the crimes charged in the Indictment. Thus, the Court will allow the Government to offer evidence of other acts related to Defendant Fabila's purported spoliation conduct.

The Court also finds that this evidence is admissible under Rule 404(b). Similar to the first category of evidence discussed *supra*, the Government intends to present another witness who previously worked with Defendant, Kimberly Ashburn, who will "recount observations and Fabila's own statements about destroying documents." ECF No. 46, PageID.205. Under the admissibility standards of Rule 404(b), the Government may introduce this evidence to prove that Defendant intentionally participated in the alleged fraudulent conduct. Additionally, the Sixth Circuit has explained that "[b]ecause spoliation evidence tends to establish consciousness of guilt without any inference as to the character of the spoliator, its admission does not violate Rule 404(b)." *United States v. Cordero*, 973 F.3d 603,

619 (6th Cir. 2020) (citing *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986)). The Government has therefore demonstrated the admissibility of this evidence to prove Defendant's conduct.

Finally, the Court does not find that the potential prejudice to Defendant outweighs the probative value here. The evidence the Government seeks to introduce may illuminate the extent, form, and regularity of Defendant's alleged destruction of incriminating material. This is highly probative to the conduct charged in the Indictment, and the danger of unfair prejudice is insufficient to warrant this Court's exclusion of the information. Thus, this evidence is also admissible under Rule 404(b). As with the first category of evidence, the evidence of Defendant's spoliation conduct is admissible as either (1) evidence of acts intrinsic to the charged offense; or (2) evidence properly offered under Rule 404(b).

### III. CONCLUSION

For the reasons discussed herein, the Government's Motion to Offer "Inextricably Intertwined" and "Other Act" Evidence [#46] is **GRANTED** and the Government's Motion in Limine to Preclude Expert Testimony [#58] is **MOOT**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2020

9

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
November 13, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager